Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE HOSINO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> SPRINT SOLUTIONS, INC., and DOES 1-10, <br><br> Defendant(s). | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff CATHERINE HOSINO ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following against Defendant SPRINT SOLUTIONS, INC. upon information and belief based upon personal knowledge:

## INTRODUCTION

1. Plaintiff's Class Action Complaint is brought pursuant to the

**CLASS ACTION COMPLAINT**
-1-

Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2. Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis without written authorization or similar authentication for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Regulation E, 12 C.F.R. § 205.10(c)(1).

3. Such conduct is inherently deceptive in that it misrepresents to consumers the right to stop automatic withdrawals and results in Defendant continuing to automatically withdraw, and to potentially overdraft, Plaintiff and the Class's accounts.

4. Plaintiff alleges as follows upon personal knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

6. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

7. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides within this District and Defendant does or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff, Catherine Hosino ("PLAINTIFF"), is a natural person residing in Alameda County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a(6).

9. At all relevant times herein, DEFENDANT, SPRINT SOLUTIONS, INC. ("DEFENDANT"), was a company engaged in the business of providing telephone and telephone communication services to consumers.

10. Defendant SPRINT SOLUTIONS, INC. is a Delaware corporation and headquartered in Kansas.

11. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

12. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS - EFTA

13. On June 12, 2018, Defendant initiated an automated recurring withdrawal from Plaintiff's JP Morgan Chase bank account, via Plaintiff's debit

card, in the amount of $1,3989.94.  Plaintiff's bank account had insufficient funds at the time.

14. Plaintiff was not a Sprint customer at the time of this transaction, and did not believe, nor was she meaningfully notified that she owed Sprint an outstanding balance on the account.  Plaintiff had closed out her account with Sprint in approximately November 2017.

15. Based on banking records, it appears that Sprint had Plaintiff's debit card information on file, and without written authorization, decided to attempt to automatically withdraw the entire balance through an EFT request with her banking institution without notice or authorization, written or otherwise.

16. Plaintiff submitted a fraud dispute with her banking institution, and her account was temporarily frozen from further activity.

17. Plaintiff alleges that it is Defendant's policy and practice to engage in similar conduct with respect to customers that it believes owe Defendant a balance on accounts that they close out, before Defendant attempts to send the account into collections.  However, Defendant does not have authorization to withdraw funds in such amounts from customers via a written EFT agreement, nor does Defendant notify consumers, such as Plaintiff, of its intention to make such recurring automated withdrawals of payment, as such notification would prevent Defendant from recovering these funds from consumers due to expected resistance in the form of proactive notification by the consumer to their financial institutions to block such withdrawals from taking place.

18. Plaintiff disputes that she owes Defendant the funds that Defendant attempted to withdraw from her bank account.

19. Plaintiff disputes that Defendant provided her notice of its intent to withdraw funds from her account in such amounts, and at such times.

20. Defendant did not provide Plaintiff with a copy of Plaintiff's

authorization for Defendant to withdraw $1,3989.94 from her bank account on or around June 12, 2018.

21. Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 15 U.S.C. § 1693e(a), 12 C.F.R. § 205, Supp. I, § 205.2(k) and 205.l0(b) of Regulation E.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All individuals in the United States for whom Defendant initiated recurring electronic funds transfers from a debit card account or bank account number, without first providing a copy of a written authorization, between one year prior to the filing of the Complaint and the present.

23. Plaintiff represents, and is a member of, The Class, consisting all persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants without first providing a copy of a written authorization, between one year prior to the filing of the Complaint and the present.

24. Defendants, their employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

25. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds, if not thousands, of members. Plaintiff alleges that

The Class members may be ascertained by the records maintained by Defendants.

26. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

27. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

a. Whether the members of the Class' bank accounts were debited on a reoccurring basis by Defendants without authorization, notice or a copy of any authorization being provided by Defendant on or after one year prior to the filing of the Complaint and the present; and,

b. Whether Defendants provided notification of its intent to withdraw funds from consumers, as required under 15 U.S.C. § 1693e(a), 12 C.F.R. § 205, Supp. I, § 205.2(k) and 205.l0(b) of Regulation E.

28. As someone whose bank accounts was debited on a reoccurring basis by Defendants without notice or authorization, Plaintiff is asserting claims that are typical of The Class.

29. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

30. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.

Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

31. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

32. Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

33. Defendants failed to comply with the requirements of the EFTA, 15 U.S.C. § 1693e(a), 12 C.F.R. § 205, Supp. I, § 205.2(k) and 205.l0(b) of Regulation E as to the Class members with respect to the above alleged transactions.

34. The EFTA, 15 U.S.C. § 1693e(a) requires that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

35. The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

///

# COUNT I:
## DEFENDANTS VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT
**(On Behalf of Plaintiff and the Class)**

36. Plaintiff reincorporates by reference all of the preceding paragraphs.

37. Defendants failed to comply with the requirements of the EFTA, 15 U.S.C. § 1693e(a), 12 C.F.R. § 205, Supp. I, § 205.2(k) and 205.l0(b) of Regulation E as to the Class members with respect to the above alleged transactions.

38. The EFTA, 15 U.S.C. § 1693e(a) requires that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

39. Defendants debited bank accounts of the Class members on a recurring basis without authorization and without providing a copy of such authorization to the consumer.

40. Any written authorization that was provided (if at all) to Defendant by Plaintiff or Class Members was exceeded in scope when Defendant withdrew the full allegedly outstanding balances from Plaintiff and Class Members' bank accounts, without providing notice that Defendant would engage in such conduct in such amounts at such times and on such dates.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CATHERINE HOSINO, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, SPRINT SOLUTIONS, INC., for the following:

    (a) An order certifying the Class and appointing Plaintiff as Representative of the Class

    (b) The greater of actual damages or statory damages as provided for under EFTA;

    (c) Punitive damages, as allowable, in an amount determined by the Court or jury;

    (d) All reasonable and necessary attorneys' fees and costs provided

by statute, common law or the Court's inherent power;

(e) Public injunctive relief to halt Defendant's practice of debiting amounts from consumers' bank accounts without proper notice or authorization in the future;

(f) Pre- and post-judgment interest; and

(g) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

## **TRIAL BY JURY**

41. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 7th Day of June, 2019.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.


By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff